**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 11-4867**

───────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

MARCIAL LEDEZMA RICO,

              Defendant - Appellant.

───────────

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.   Richard L. Voorhees, District Judge.  (5:10-cr-00015-RLV-DCK-1)

───────────

Submitted:  May 31, 2012          Decided:  June 5, 2012

───────────

Before KING, DUNCAN, and DIAZ, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Henderson Hill, Executive Director, FEDERAL DEFENDERS OF NORTH CAROLINA, INC., Ross H. Richardson, First Assistant Federal Defender, Charlotte, North Carolina, for Appellant.  John George Guise, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marcial Ledezma Rico appeals the seventy-five–month sentence he received following his guilty plea to one count of conspiracy to distribute and to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(B), 846 (2006). On appeal, Rico's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he concludes that there are no meritorious issues for appeal but questions the substantive reasonableness of Rico's sentence. Rico was informed of his right to file a supplemental pro se brief, but has not done so. The Government elected not to file a brief and does not seek to enforce the plea agreement's appeal waiver.[*] We affirm.

When reviewing a sentence for substantive reasonableness, we take into account "the totality of the circumstances." Gall v. United States, 552 U.S. 38, 51 (2007). We accord a sentence within a properly-calculated Sentencing Guidelines range an appellate presumption of reasonableness. See United States v. Abu Ali, 528 F.3d 210, 261 (4th Cir. 2008). Such a presumption is rebutted only by showing "that the

_____

[*] Because the Government fails to assert the waiver as a bar to the appeal, we may consider the issues raised by counsel and conduct an independent review of the record pursuant to Anders. United States v. Poindexter, 492 F.3d 263, 271 (4th Cir. 2007).

2

sentence is unreasonable when measured against the [18 U.S.C.A.] § 3553(a) [(West 2000 & Supp. 2011)] factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

In this case, the district court calculated a Guidelines range of 100 to 125 months' imprisonment. Both parties advocated for a downward variance, primarily based on Rico's cooperation with the authorities; however, the parties disagreed as to the extent that was warranted. The district court ultimately granted a downward variance and imposed a seventy-five-month sentence, a sentence greater than that requested by Rico, but less than that requested by the Government. The district court noted Rico's extensive efforts to cooperate and the safety risks he undertook in doing so. However, the court was also concerned with the likelihood of recidivism. We conclude that the district court properly analyzed the arguments presented by Rico and appropriately imposed a downward variance after having considered the mitigating circumstances raised by Rico. Taking into account the totality of the circumstances and the district court's explicit consideration of Rico's arguments, we can find no abuse of discretion, and so, we conclude that Rico's sentence is substantively reasonable.

In accordance with <u>Anders</u>, we reviewed the entire record in this case and found no meritorious claims. Therefore, we affirm the district court's judgment. This court requires that counsel inform Rico, in writing, of the right to petition the Supreme Court of the United States for further review. If Rico requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Rico. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>